UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CURTIS DALE BOURGEOIS,

                Plaintiff,

  v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]

                Defendant.

Case No. 3:12-cv-05761-KLS

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his application for supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

On April 17, 2009, plaintiff filed an application for SSI benefit, alleging disability as of

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the Defendant in this suit. **The Clerk of Court is directed to update the docket accordingly.**
ORDER - 1

September 1, 2004, due to a bipolar disorder and severe neck and back pain. See ECF #15, Administrative Record ("AR") 15, 73.  That application was denied upon initial administrative review on November 23, 2009, and on reconsideration on April 28, 2010. See AR 15.  A hearing was held before an administrative law judge ("ALJ") on June 9, 2011, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 412-52.

In a decision dated August 22, 2011, the ALJ determined plaintiff to be not disabled. See AR 15-28.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on June 29, 2012, making the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 5; see also 20 C.F.R. § 416.1481.  On August 28, 2012, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3.  The administrative record was filed with the Court on January 14, 2013. See ECF #15.

The parties have completed their briefing, and thus this matter is now ripe for the Court's review.  Plaintiff argues the Commissioner's final decision should be reversed and remanded for further administrative proceedings, because the ALJ erred in evaluating the medical opinion evidence in the record.  For the reasons set forth below, however, the Court disagrees that the ALJ erred in determining plaintiff to be not disabled, and therefore finds that defendant's decision to deny benefits should be affirmed.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security

ORDER - 2

Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [2]

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of

ORDER - 4

those who do not treat the claimant. See Lester, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Plaintiff first takes issue with the following findings made by the ALJ with respect to the medical opinion evidence in the record:

> The record contains examinations from several evaluating doctors as well as opinions from non-examining providers.  Regarding the evaluating doctors, the record contains evaluations from doctors who examined the claimant in connection with his receipt of benefits from the State of Washington.  The first evaluation is from Dan Neims, Psy.D., who performed a psychological evaluation in June 2009 (Exhibit 2F).  Dr. Neims diagnosed bipolar disorder, polysubstance dependence in remission, and alcohol dependence in remission. Dr. Neims noted that the claimant reported he last drank alcohol in December 31, 2007.  He opined that the claimant had marked limitations in his abilities to exercise judgment and make decisions, to interact appropriately in public contacts, and to respond appropriately to and tolerate the pressures and expectations in a normal work setting.  He also opined that the claimant had moderate limitations in his abilities to perform routine tasks, to relate appropriately to co-workers and supervisors, to care for self, and to control physical or motor movements and maintain appropriate behavior.  He opined that the claimant did not have any limitation in his ability to understand, remember and following [sic] simple instructions and only mild limitation in his ability to understand, remember and following [sic] complex instructions and to learn new tasks (Exhibit 2F).
>
> I give little weight to Dr. Neims's opinion because he relied quite heavily on the subjective report of symptoms and limitations provided by the claimant,

ORDER - 5

> and seemed to uncritically accept as true most, if not all, of what the claimant reported. Yet, as explained elsewhere in this decision, there exist good reasons for questioning the reliability of the claimant's subjective complaints. Moreover, this opinion is inconsistent with Dr. Power's notes showing that the claimant's bipolar disorder was stable on medication.
>
> Similarly, I give no weight to the opinions of Dr. [Norma L.] Brown, and Dr. [Michael] Corpolongo, who also performed evaluations of the claimant for his request for benefits from the State of Washington (Exhibits 14F and 19F in June 2010 and May 2011). Like Dr. Neims's opinion, their opinions were based on the claimant's reports, which are not entirely credible. Moreover, they are inconsistent with Dr. [Charles W.] Power's notes that the claimant's bipolar disorder was stable on medication as well as the lack of significant complaints to Dr. Power of such significant symptoms.

AR 24. Plaintiff argues the ALJ failed to provide valid reasons for rejecting the above medical opinions. The Court disagrees.

Citing Ryan v. Commissioner of Social Security, 528 F.3d 1194 (9th Cir. 2008), plaintiff asserts the opinions of Dr. Neims, Dr. Brown and Dr. Corpolongo cannot be rejected on the basis that they relied on his self-reporting, because none of those medical sources found any reason to question his credibility. It is true the Ninth Circuit stated in Ryan that "an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the [claimant's] complaints where the [physician] does not discredit those complaints and supports his ultimate opinion with his own observations." 528 F.3d at 1199-1200. The Ninth Circuit, however, went on to note there was "nothing in the record to suggest" the examining physician in that case relied on the claimant's own "description of her symptoms . . . more heavily than his own clinical observations." Id. at 1200.

Plaintiff asserts Drs. Neims, Brown and Corpolongo did not just rely on his self-reports, but rather conducted psychological testing and mental status examinations as well. See Clester v. Apfel, 70 F.Supp.2d 985, 990 (S.D. Iowa 1999) (results of mental status examination provide basis for diagnosis of psychiatric disorder, just as results of physical examination provide basis

ORDER - 6

for physical illness or injury diagnosis).  While those medical sources did conduct such testing and examinations, the findings and results thereof are largely unremarkable, and therefore fail to support the severity of functional limitation assessed.  See AR 155-64, 253-60, 319-26.  Indeed, in discussing the limitations they assessed, Dr. Neims, Dr. Brown and Dr. Corpolongo all made notations indicating they did indeed largely rely on plaintiff's own reporting.  See AR 159, 256, 320-22.  Given that plaintiff has not challenged the ALJ's adverse credibility determination in this matter, the ALJ was not remiss in rejecting their medical source opinions on this basis.  See Morgan, 169 F.3d at 601 (physician's opinion premised to large extent on claimant's own accounts of her symptoms and limitations may be disregarded where those complaints have been properly discounted); Tonapetyan, 242 F.3d at 1149.

      Plaintiff also contests the ALJ's statement that the opinions of Drs. Brown, Neims and Corpolongo are inconsistent with the treatment notes of Dr. Power, his treating physician, which the ALJ found showed his bipolar disorder was stable on medication.  Specifically, plaintiff asserts those notes merely show his condition was stable, and not that his symptoms were absent or no longer had an impact on his ability to work.  But the record shows not only that plaintiff was stable on the medications he received, but that those medications resulted in improvement in his condition overall over time contrary to plaintiff's assertion.  See AR 182-83, 332-78, 380, 392-01.  In addition, there is no indication in Dr. Power's notes that the symptoms plaintiff reported he still experienced – which much of the time were described as being in the slight or mild range – actually impacted his ability to function.  See id.

      Plaintiff further attempts to call into question the ALJ's reliance on the treatment notes of Dr. Power, by arguing that Dr. Brown and Dr. Corpolongo did not assess the limitations that they did solely on the basis of his diagnosed bipolar disorder, but on the basis of both a posttraumatic

ORDER - 7

stress disorder ("PTSD") and an anxiety disorder – and in the case of Dr. Corpolongo a cognitive disorder – as well. See AR 255, 321.  But Dr. Power also diagnosed plaintiff with PTSD and anxiety. See AR 337, 341, 345, 351, 361, 364, 369, 376, 399.  Even if he had not done so, however, the fact remains that Dr. Power did not note any findings indicative of significant work-related limitations due to observed or reported mental health symptoms.  The fact also remains that even if this were a proper basis for questioning the ALJ's reliance on the lack of objective findings in Dr. Power's notes, as discussed above the ALJ still was not remiss in rejecting the opinions of Drs. Brown and Corpolongo on the basis of having primarily relied on the self-reporting of plaintiff in assessing their limitations.

The Court further rejects plaintiff's argument that the ALJ could not have relied on the findings contained in Dr. Power's notes because he is not a mental health expert.  It is true that in general more deference is given to the "opinion of a specialist about medical issues related to his or her area of specialty" than to those who are not specialists. See Benecke v. Barnhart, 379 F.3d 587, 594 n.4 (9th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(5)).  It is also true, though, that in general the opinion of a treating physician is given greater weight than those who do not treat the claimant. See 20 C.F.R. § 416.927(c)(2).  As the Ninth Circuit has held, furthermore, "[u]nder general principles of evidence law," a duly licensed treating physician "is qualified to give a medical opinion as to [the claimant's] mental state as it relates to her physical disability even though [that physician] is not a psychiatrist." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987).  Given that it is the sole responsibility of the ALJ to resolve conflicts and ambiguities in the medical evidence, and that the ALJ provided valid reasons for doing so here, this too is not a valid basis for challenging the ALJ's findings.

Lastly, in terms of the medical opinions from Dr. Neims, Dr. Brown and Dr. Corpolongo,

ORDER - 8

plaintiff argues the consistency of the degree of limitation noted therein, including the global assessment of functioning ("GAF") scores[3] they offered, supports giving greater weight to those opinions.  But just because opinion evidence is consistent does not necessarily mean it should be given greater weight, particularly where such as in this case the ALJ has pointed to valid reasons for why that evidence is not reliable.  Further, while a GAF score is "relevant evidence" of the claimant's ability to function mentally, as discussed above it also is a "subjective" measure of that ability. Pisciotta, 500 F.3d at 1076 n.1; England, 490 F.3d at 1023 n.8.  Accordingly, given the ALJ's unchallenged adverse credibility determination, the ALJ was not required to accept such subjectively-based evidence here.[4]

With respect to the medical opinion evidence in the record concerning plaintiff's physical impairments and limitations, the ALJ found in relevant part:

> In March 2010, Raymond West, M.D., performed a consultative physical evaluation of the claimant.  The claimant reported a neck injury from a car accident that happened in 1994.  He stated he was hospitalized at the time and diagnosed with cervical degenerative disc disease with spurs.  The claimant rated his neck pain level at an 8 or 9 out of 10 at worst, and at 6 out of 10 on average.  He also complained of right hip pain for the past five years with no specific injury.  He reported that his hip locked up with sudden sharp shooting pain at 6 out of 10 level at worst and 3 out of 10 on average.  The claimant said he could sit for as long as he wished, but uncomfortably.  He estimated he could only stand for an hour, ascend and descend two flights of stairs, and walk for a mile.  He believed he could lift as much as 20 pounds and carry it for a half a block.  He said his prescription included Remeron, Trazodone, Oxycodone, and Methadone.  He stated that he used a cane intermittently because of the right hip discomfort (Exhibit 10F).

---

[3] A GAF score is "a subjective determination based on a scale of 100 to 1 of 'the [mental health] clinician's judgment of [a claimant's] overall level of functioning.'" Pisciotta v. Astrue, 500 F.3d 1074, 1076 n.1 (10th Cir. 2007) (citation omitted).  It is "relevant evidence" of the claimant's ability to function mentally. England v. Astrue, 490 F.3d 1017, 1023, n.8 (8th Cir. 2007).

[4] Plaintiff also asserts the GAF scores assessed by Drs. Neims, Brown and Corpolongo are consistent as well with that of David M. Dixon, Ph.D., another examining psychologist (see AR 179), and that given at a mental health intake assessment (see AR 303).  But for the same reasons noted above, the ALJ also was not required to accept these GAF scores.  In addition, at least in regard to Dr. Dixon, plaintiff has not challenged the stated reasons the ALJ provided for adopting the more detailed written opinion of Dr. Dixon concerning plaintiff's ability to perform work-related limitations, which is at odds with the GAF score he gave. See AR 24-25, 179.

ORDER - 9

> Dr. West noted that the claimant walked into the room with a reciprocal gait. He required no help climbing onto or off the examination table. He was well-groomed, oriented, and maintained satisfactory eye contact. He was well focused and unpressured. Dr. West noted that the claimant's cervical and hip ranges of motion were closed to normal, except he could only extend his neck 45 degrees instead of the normal 60 degrees and he could only flex his hip 30 degrees instead of 40 degrees backwards. The claimant could squat and bend his back satisfactorily. Straight leg raising was negative. Dr. West diagnosed degenerative disc disease of the cervical spine and right hip pain of uncertain etiology. He estimated that the claimant was able to stand/walk up to 6 hours in an 8-hour workday with frequent breaks, sit 6 hours in an 8-hour workday, lift/carry up to 20 pounds frequently and up to 25-30 pounds occasionally from one room to another. He opined that the claimant did not have any postural, manipulative, visual, auditory, and verbal limitations (*Id.*). Relying on the claimant's subjective complaint, Dr. West opined that the claimant needed a cane.
>
> I give significant weight to Dr. West's opinion regarding the claimant's physical residual functional capacity except for his statements with regard to the claimant's use of a cane and need for frequent breaks when standing and walking. The doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, who I find not credible. Moreover, Dr. West did not notice any difficulty in walking or getting on or off the examination table. As mentioned above, the MRI scans of the hip performed in December 2009 showed only mild right hip osteoarthritis (*see* Exhibit 21F, p. 53-54). Dr. West also noted that the claimant limited standing to about an hour and walking to one mile. However, the doctor opined that there was little evidence to account for these "self-imposing" limitations (Exhibit 10F, p. 5). Thus, I find that there is no basis for the claimant's use [sic] a cane or for Dr. West's opinion that a cane was necessary.

AR 25-26. Plaintiff argues the ALJ erred in so finding here on the same basis that she did with regard to the opinions of Dr. Neims, Dr. Brown and Dr. Corpolongo, namely that Dr. West did not have any reason to doubt his self-reports. But for the same reasons discussed above – that is the lack of objective clinical findings to support the need for a cane or frequent breaks (see AR 221-26) – the ALJ did not err in so finding here as well. Plaintiff also points to the comment Dr. West made that "[i]maging studies of the right hip may help to determine how necessary" use of a cane "will be in the future." AR 225. But plaintiff has not pointed to any studies to support the

ORDER - 10

need for using a cane.  Indeed, those studies that are contained in the record show at most largely mild findings as noted by the ALJ. See AR 327-28, 381-84.  Accordingly, here too the ALJ did not err in evaluating the medical opinion evidence.[5]

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded plaintiff was not disabled.  Accordingly, defendant's decision to deny benefits is AFFIRMED.

DATED this 4th day of October, 2013.

Karen L. Strombom
United States Magistrate Judge

---

[5] In addition, because the ALJ gave valid reasons for rejecting the opinions of Drs. Brown, Neims and Corpolongo, and for rejecting Dr. West's opinion regarding the need for using a cane and taking frequent breaks, the ALJ also did not err in relying on the opinions of the other, non-examining medical sources, that plaintiff had less severe mental and physical functional limitations, because their functional assessments are more in line with the reliable objective medical evidence in the record. See AR 26-27, 227-51.

ORDER - 11